```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
RITA M. MOORE,

                Plaintiff,
                                        ORDER OF CONSOLIDATION
        -against-                       17-CV-3994(JS)(ARL)

SCO FAMILY OF SERVICES; BRENDA
SHICK, Director; KATIA ANDRADE,
Assistant Director; CINDY POULIOT,
Case Manager; CHANDRA GROSSO,
Resident Assistant; and BRITTNEY
CHAPMON, Resident Assistant;

                Defendants.
----------------------------------X
RITA M. MOORE,

                Plaintiff,

        -against-                       17-CV-7487(JS)(ARL)

SCO FAMILY OF SERVICES; BRENDA
SHICK, Director; KATIA ANDRADE,
Assistant Director; CINDY POULIOT,
Case Manager; CHANDRA GROSSO,
Resident Assistant; and BRITTNEY
CHAPMON, Resident Assistant;

                Defendants.
----------------------------------X
APPEARANCES:
For Plaintiff:      Rita M. Moore, pro se
                    807 N. Jefferson Street
                    Lindenhurst, NY 11757

For Defendants:     Ana Shields, Esq.
                    David S. Greenhaus, Esq.
                    Timothy James Domanick, Esq.
                    Jackson Lewis, P.C.
                    58 South Service Road, Ste. 250
                    Melville, NY 11747
```

SEYBERT, District Judge:

        On July 21, 2017, pro se plaintiff Rita M. Moore ("Plaintiff") filed a Complaint against SCO Family of Services,

Brenda Shick, Katia Andrade, Cindy Pouliot, Chandra Grosso, and Brittney Chapmon (collectively, "Defendants") pursuant to several Federal, State, and local anti-employment discrimination statutes, including Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified, 42 U.S.C. §§ 2000e to 2000e-17, and the Age Discrimination and Employment Act ("ADEA"), as codified, 29 U.S.C. §§ 621-634, alleging discrimination in employment and retaliation accompanied by an application to proceed in forma pauperis (the "First Action"). By Order dated October 11, 2017, Plaintiff's application to proceed in forma pauperis was granted and Defendants were served with summonses and the Complaint on October 17, 2017. (See Docket Entries 7, 9.) On November 7, 2017, Defendants requested a pre-motion conference in anticipation of filing a motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Docket Entry 14.)

By Electronic Order dated November 21, 2017, the undersigned denied Defendants' request for a pre-motion conference and granted Defendants leave to move to dismiss the Complaint. Defendants were ordered to file their motion on or before December 21, 2017 and Plaintiff's opposition was ordered to be filed on or before January 22, 2018. Defendants timely filed their motion, but Plaintiff sought--and was granted--an extension of time within which to file her opposition brief. (See Jan. 18, 2018 Elec. Order.) Plaintiff's deadline to oppose the motion was

2

extended through February 5, 2018 and Defendants' time to submit a reply brief was extended through February 19, 2018. Plaintiff timely filed opposition to the motion to dismiss on February 5, 2018.

However, on December 29, 2017, Plaintiff filed a new in forma pauperis Complaint (assigned Docket Number 17-CV-7487 (the "Second Action") against the same Defendants also alleging claims of employment discrimination and retaliation pursuant to Title VII, the ADEA, and state law. Upon review of Plaintiff's declaration in support of her application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies her to commence the Second Action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED. Defendants are ORDERED to apprise the Court on or before February 28, 2018 whether they agree to waive service of the Complaint in the Second Action and accept service thereof, thereby obviating the need for and expense of service of the Complaint in the Second Action by the United States Marshal Service ("USMS").[1]

---

[1] The Court notes that, by Letter dated January 31, 2018, Defendants counsel in the First Action "address[ed] Plaintiff's stated intention to move to consolidate the [First and Second Actions.] See Complaint in 17-CV-7487 at pages 7-8" and requested that the Court schedule a pre-motion conference to address Plaintiff's anticipated motion." (See Defs.' Jan. 31, 2018 Letter, Docket Entry 22.) Given this Order of Consolidation, Defendants' request for a pre-motion conference is DENIED AS MOOT.

In addition, under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." FED. R. CIV. P. 42(a). "The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990). Consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," Johnson, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (internal citations omitted).

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." Kellen Co. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); accord Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. See Jacobs, 950 F.2d

4

at 92; First City Nat'l Bank & Trust Co., 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

Here, the Complaints filed by Plaintiff are against the same Defendants and allege claims of employment discrimination and retaliation pursuant to, inter alia, Title VII and the ADEA. In addition, the time periods and facts involved in the Complaints largely overlap. Accordingly, in the sound exercise of its discretion, the Court orders that Plaintiff's Complaints be CONSOLIDATED pursuant to Federal Rule of Civil Procedure 42 into the first filed case, 17-CV-3994. The Clerk of Court is DIRECTED to: (1) consolidate these actions; and (2) mark the Complaint assigned docket number 17-CV-7487 CLOSED. Any future filings are to be docketed in only 17-CV-3994.

Finally, given that the time for full briefing of Defendants' motion to dismiss the Complaint in the First Action has not expired, the pending motion (Docket Entry 15) is DENIED WITHOUT PREJUDICE. After the Defendants notify the Court regarding service of the Complaint in the Second Action, Defendants may seek leave to file a motion to dismiss the Complaints in the Consolidated Action, if so warranted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-

5

45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: February __8__, 2018
       Central Islip, New York